IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALLISON HERRING, | ) FILED: MAY 21, 2008 |
| | ) |
| Plaintiff, | ) 08CV2944　　　PH |
| | ) |
| vs. | ) JUDGE ANDERSEN |
| | )　　Civil Action No. |
| | ) MAGISTRATE JUDGE COLE |
| REGIONAL ADJUSTMENT BUREAU, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, ALLISON HERRING, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., complaining against the Defendant, REGIONAL ADJUSTMENT BUREAU, INC., and alleging as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereafter the "FDCPA"), 15 U.S.C. § 1692 et seq.

### JURISDICTION AND VENUE

2. Jurisdiction arises under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.

### PARTIES

3. Plaintiff, Allison Herring, ("Plaintiff"), is an individual who was at all relevant times residing in the City of Wilmington, State of Illinois.

4. At all relevant times herein, Defendant, Regional Adjustment Bureau, Inc., ("Defendant") acted as a debt collector within the meaning of 15 U.S.C. § 1692a(6) in that it held itself out to be a company collecting a debt allegedly owed to Fifth Third Bank.

1

5.      Defendant is a corporation that has its principal place of business and its offices located in the State of Michigan, but continues to conduct collection activities within the State of Illinois.

## ALLEGATIONS
## COUNT I
## VIOLATIONS OF THE FDCPA v. REGIONAL ADJUSTMENT BUREAU, INC.

6.      On March 26, 2008, Plaintiff received an initial debt collection letter from Defendant attempting to collect a debt allegedly owed to Fifth Third Bank in the amount of $1711.59.

7.      On April 1, 2008, in response to the letter, Plaintiff sent a dispute letter and request for verification of the debt to Defendant within thirty days as required by the FDCPA.

8.      In lieu of a response to Plaintiff's written request for verification of the debt, on April 17, 2008, Defendant contacted Plaintiff by telephone and demanded it receive full payment of the debt which was now up to $1735.17 or it would repossess her automobile immediately.

9.      On April 21, 2008, Plaintiff received a telephone call at her home at 7:30 a.m. from Defendant again attempting to collect the debt and repossess her automobile if payment was not received.  Defendant continued to contact Plaintiff in an effort to collect the alleged debt throughout the remainder of the day and continued to place repeated calls to Plaintiff after being notified that Plaintiff hired an attorney to handle the matter and to no longer contact her but her to contact her attorney instead.

10.     In its attempts to collect the aforementioned debt, the Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 in one or more of the following ways:

    a.    Communicated with any person other than the attorney after the debt collector is notified that the consumer is represented by an attorney in violation of 15 U.S.C. § 1692b(6);

    b.    Communicated with the consumer at an unusual time or place known or which should be known to be inconvenient to the consumer in violation of 15 U.S.C. § 1692c(a)(1);

    c.    Communicated with the consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of such attorney's name and address in violation of 15 U.S.C. § 1692c(a)(2);

    d.    Caused a telephone to ring or engaged any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number in violation of 15 U.S.C. § 1692d(5); and

    e.    Failed to cease collection of the debt or any portion thereof until the debt collector obtained verification of the debt upon receipt of a written dispute of the debt from the consumer in violation of 15 U.S.C. § 1692g(b).

11.    As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, ALLISON HERRING, by and through her attorneys, respectfully prays for judgment as follows:

    a.    All actual compensatory damages suffered;

    b.    Statutory damages of $1,000.00 for Plaintiff;

    c.    Plaintiff's attorneys' fees and costs;

    d.    Any other relief deemed appropriate by this Honorable Court.

***\*\*\*PLAINTIFF REQUESTS A TRIAL BY JURY \*\*\****

        Respectfully Submitted,
        **ALLISON HERRING**

        By:   s/Larry P. Smith
             Attorney for Plaintiff

Larry P. Smith
Larry P. Smith & Associates, Ltd.
205 N. Michigan Ave., 40th Floor
Chicago, IL 60601
Ph.    (312) 222-9028
Fax   (312) 602-3911
e-mail  lsmith@lpsmithlaw.com